```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS FUENTES,                      :
                                     :
           Plaintiff,                :   CIVIL ACTION
                                     :
    v.                               :   No. 09-cv-5804
                                     :
AMC ENTERTAINMENT HOLDINGS, INC.     :
d/b/a, t/a LOWE'S THEATERS,          :
                                     :
           Defendant.                :
```

## MEMORANDUM AND ORDER

**Joyner**, J.                                              April 5, 2010

This case has been brought before the Court on Defendant's Motion to Transfer Venue (Doc. No. 12). For the reasons set forth in the attached Memorandum, Defendant's request shall be DENIED.

## Background

Plaintiff seeks damages for an incident that occurred on January 18, 2009, at one of Defendant's locations in Danbury, Connecticut. On that day, Plaintiff slipped and fell on Defendant's property due to the "accumulation of water, ice, snow and/or other foreign substances" on the floor in the entryway of Defendant's theater. Plaintiff alleges that, as a result of this fall, he has suffered a laceration inside his mouth and lip, loosened teeth, chronic headaches, injuries to his back, and some numbness in fingers of both hands. Immediately following the accident, Plaintiff received treatment in the state of

1

Connecticut, and then has continued to receive treatment in his home state of Pennsylvania.

Plaintiff filed this action in the Court of Common Pleas of Philadelphia County, Pennsylvania on November 5, 2009. Defendant then removed this case to federal court on December 7, 2009. Jurisdiction is proper in this Court on the basis of diversity of citizenship, as Plaintiff is a Pennsylvania citizen, and Defendant is a citizen of Delaware and Missouri. Defendant has now filed a Motion to Transfer Venue to the District of Connecticut.

## **Standard**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." In order to transfer venue, the Court must first determine that venue is proper in both the original venue and the proposed transferee venue. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Once this has been established, the defendant bears the burden of showing, on the balance of identified public and private factors, that considerations weigh "strongly" in favor of transfer. Gulf Oil v. Gilbert, 55 U.S. 501, 508 (1947). The complete list of private factors set forth in Gulf Oil was further articulated by the Third Circuit in Jumara, 55 F.3d at 879, and includes,

2

> [T]he plaintiff's forum preference; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial conditions; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the locations of the books and records.

Named public factors include,

> Enforceability of judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of trial judges with the state law for diversity cases. Id.

Within this framework, courts have given great deference to the plaintiff's choice of forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); Kielczynski v. Consolidated Rail Corp., 837 F. Supp. 687, 689 (E.D. Pa. 1993). Additionally, "the convenience of counsel is not a factor to be considered" in deciding a motion to transfer venue. Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

## Discussion

As an initial matter, venue is proper in the Eastern District of Pennsylvania. Defendant "resides" in Pennsylvania, as it is a corporation and is subject to personal jurisdiction in the Eastern District of Pennsylvania due to its operation of multiple locations within this district. 28 U.S.C. § 1391(c). Given that Defendant resides in the Eastern District of

3

Pennsylvania and is the only defendant in this case, venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a)(1). Venue is also proper, however, in the District of Connecticut, as this is the district in which a substantial part of the claim arose. Id. § 1391(a)(2). Given that venue is appropriate in both this district and the proposed transferee district, we will proceed to weigh the private and public factors listed in Jumara to determine whether Defendant has met its burden of establishing that a transfer is warranted.

**Private Factors**

The only private factor that points strongly in favor of transferring venue is that the claim arose in Connecticut. Any act or omission that caused Plaintiff's injury, as well as Plaintiff's injury itself, took place in Connecticut. This factor, therefore, does point in favor of allowing the trial to proceed in Connecticut.

In addition, the convenience of the witnesses points slightly in favor of transferring the case to the District of Connecticut. Importantly, this factor is only to be considered to the extent that witnesses would not be available if the trial were held in a particular forum. The major fact witnesses in the present case are in Connecticut, whereas the majority of the witnesses who would testify as to the extent of the damages suffered by Plaintiff are in Pennsylvania. If the trial were

4

held in Connecticut, some of Plaintiff's witnesses would be required to travel to Connecticut. Plaintiff, however, has not alleged that this would not be possible. If, on the other hand, this trial were held in Pennsylvania, Defendant would be able to compel its employees to attend the trial, but would not be able to compel Plaintiff's friends in Connecticut, who are fact witnesses and who live over 100 miles from this Courthouse, to testify at trial. See Fed. R. Civ. P. 45(c)(3)(A)(ii) (requiring a court to quash a subpoena that demands an individual who is not a party to the case to travel more than 100 miles from where the person "resides, is employed, [or] regularly transacts business in person"). There is, therefore, a possibility that some witnesses would not be available should the trial remain in the Eastern District of Pennsylvania. Although, as Plaintiff notes, these individuals could still be deposed, when their potential unavailability for trial is combined with the fact that the availability of fact witnesses is considered more important than the availability of witnesses who will testify as to the extent of damages, see Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 200 (E.D. Pa. 2008), the convenience for witnesses points in favor of transferring the case to Connecticut.

Many of the other private factors, however, slightly favor keeping the case in Pennsylvania. As the parties have made clear, it is Plaintiff's preference to litigate this case in

Pennsylvania and it is Defendant's preference to litigate this case in Connecticut. Importantly, however, "the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. & Dev. Co. v. Precision Shooting Equip., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003). These two private factors, therefore, cancel each other out, and if considered at all, point slightly in favor of keeping the case in the Eastern District of Pennsylvania, as Plaintiff's forum choice is entitled to greater weight than Defendant's. Id.

Similarly, the convenience of the parties points slightly in favor of keeping the case in the Eastern District of Pennsylvania. As noted above, the Court must take into account the relative physical locations as well as the monetary resources possessed by each party. In this case, Plaintiff is located in Pennsylvania, and has far less monetary resources than Defendant. Defendant is headquartered in Missouri and incorporated in Delaware, but has locations in both Pennsylvania and Connecticut. It appears, therefore, that it would be inconvenient for Plaintiff to litigate this claim in Connecticut, whereas the same cannot be said for Defendant having to litigate this claim in Pennsylvania. Given this background, we believe that it would be slightly more convenient for the parties to litigate this case in the Eastern District of Pennsylvania.

Finally, the location of books and records does not strongly

support either potential forum.  It should be expected that documents and records exist in both locations.  Any accident report taken by Defendant's employees or any records kept by the emergency medical personnel would likely still be in Connecticut.  Any records regarding Plaintiff's ongoing treatment, however, almost certainly remain in Pennsylvania.  Given that this is not a case in which the production of a great deal of physical documents would be expected, and given that those documents that do exist could likely be electronically reproduced with minimal effort, we do not believe that this factor strongly favors holding the trial in either location.

**Public Factors**

Almost none of the public factors point in favor of either potential venue.  As both parties agree, there is no difference in the enforceability of any judgment obtained, and there is no disparity between the administrative difficulty in the two fora.  In addition, although each party asserts that it would be easier and less expensive to try the case in their respective favored districts, it appears that both locations would require numerous witnesses to travel in order to testify.  While Defendant asserts that a transfer in venue would decrease any delay caused by the number of fact witnesses in Connecticut, any decrease that was actually realized would need to be offset against the delay caused by the transfer itself.  We do not, therefore, think that

7

any practical considerations provide strong support for either potential forum.

Further, we do not think that this case presents any strong local interest in deciding a local controversy. This case simply does not involve a local controversy. As previously noted, Plaintiff was not a resident of Connecticut, but was simply there for a brief visit. Further, Defendant is not an entity that has a particularly local relationship with Connecticut. Jurors in Connecticut do not have any special interest in the conduct of this national corporation that operates locations throughout the country. We do not deny that individuals in Connecticut have an interest in Defendant's conduct, but rather simply note that this interest is not a distinctly local interest. Although this injury, as is the case with almost every tort, did occur in a particular location, we do not believe that this fact alone makes it a local controversy or gives the location of the accident any particular local interest in deciding the controversy.

To the extent that there is a local interest in this controversy, it blends into a consideration of the public policies of the respective fora. In this case, we certainly recognize that Connecticut has an interest in furthering its public policies regarding landowners' responsibility for the safety of their business invitees. As Defendant states, however, Pennsylvania and Connecticut have similar public policies, and it

appears from a cursory review that Connecticut law will apply regardless of where this trial occurs. We, therefore, do not see how Connecticut's public policy will be harmed by the action remaining in Pennsylvania.

The final public factor to be considered—the familiarity of the trial judge with the applicable state law—does favor transferring the case to Connecticut, but we do not believe that it strongly encourages such a transfer. Admittedly, the state's law with which this Court is most familiar is Pennsylvania's. As the parties have noted, however, Connecticut's laws are similar to Pennsylvania's in this area, and we do not believe that this Court would have any difficulty in applying Connecticut law. While this consideration does, therefore, favor transfer of the case, it is not a strong consideration.

**Balancing**

After considering all of the factors listed above, it appears that three of the private factors point in favor of transferring the case to Connecticut, two of the private factors point toward keeping the case in Pennsylvania, and one of the factors does not point in either direction. Further, of the three factors that point in favor of transfer to Connecticut, two of these—Defendant's forum preference and the convenience of witnesses—are weak points in favor of transfer. Turning to the public factors, none of these favor a particular forum other than

the judge's familiarity with the applicable state law, and this, again, only slightly favors the transfer of the present case. Given this almost even balance between the convenience of the two fora, Defendant has not met its high burden of convincing this Court to override Plaintiff's preference and transfer the case to the District of Connecticut.

## **Conclusion**

After balancing the private and public factors listed above, Defendant has not established that a transfer of venue would be appropriate in this case. As the majority of both the public and private factors do not strongly favor either the Eastern District of Pennsylvania or the District of Connecticut as a forum for this case, Plaintiff's choice of venue must be respected, and Defendant's Motion must be denied.